UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BOBBY RICHARDSON**  **PETITIONER**
**ADC #137010**

VS.  5:17-CV-00198-KGB-JTR

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**  **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Discussion

On July 31, 2017, Petitioner, Bobby Richardson ("Richardson") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *Doc. 1*. Because Richardson did not pay the $5.00 filing fee or file a Motion to Proceed *In Forma Pauperis*, the Court did not order service of the Petition.

Instead, on August 1, 2017, the Court entered an Order giving Richardson until September 1, 2017, to either: (1) pay the $5.00 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis*. Doc. 2. The Court advised Richardson that if he failed "to timely and properly comply with this Order," his habeas action would "be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)."[1] *Id.*

Richardson failed to respond to the Court's August 1st Order.

On September 8, 2017, the Court entered a second Order giving Richardson an additional opportunity to comply with the Court's August 1, 2017 Order. *Doc. 3*. The Court's September 8th Order established a new deadline of October 10, 2017 for Richardson to comply.

---

[1] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added).

Richardson failed to respond to the Court's September 8th Order.[2]

It is now October 25, 2017, and Richardson has not filed anything with the Court other than his habeas Petition on July 31, 2017. He has ignored two Court Orders and deadlines directing him to either pay the filing fee or submit an Application to Proceed *In Forma Pauperis*. Thus, the record makes it clear that Richardson has violated his obligations under Local Rule 5.5(c)(2), ignored two Court Orders, and has failed to prosecute this action diligently.[3]

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT this Petition for Writ of Habeas Corpus, *Doc. 1*, be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2).

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)-(2); § 2254 Rule 11(a).

Dated this 25th day of October, 2017.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE

---

[2] A review of the electronic docket sheet for this case indicates that neither the August 1st nor September 8th Orders were returned to the Court. Thus, there is no reason to believe that the Orders failed to reach Richardson. Even assuming that the Orders, for some reason, were not delivered to Richardson, dismissal would still be appropriate due to Richardson's failure to make sure that his mailing address is correct and/or to monitor the progress of the case.

[3] Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed for failure to prosecute or comply with court orders.